UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| WAYNARD WINBUSH, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| | ) | No.: 3:18-cv-00327 |
| v. | ) | REEVES/GUYTON |
| | ) | |
| HECTOR SANCHEZ, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

Plaintiff, a prisoner proceeding pro se, has filed a complaint pursuant to 42 U.S.C. § 1983 [Doc. 1]. For the reasons set forth below, Plaintiff's complaint will be **DISMISSED** for failure to state a claim upon which relief may be granted under § 1983, and for seeking monetary relief against Defendants immune from such relief.

## I. SCREENING STANDARD

Under the Prisoner Litigation Reform Act ("PLRA"), district courts must screen prisoner complaints and shall, at any time, *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915(A); *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Courts liberally construe pro se pleadings filed in civil rights cases

and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. *Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) (stating that "Section 1983 . . . creates a right of action for the vindication of constitutional guarantees found elsewhere"). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

## II.  ALLEGATIONS OF THE COMPLAINT

Plaintiff alleges that Assistant District Attorneys ("ADAs") Hector Sanchez and Kenneth Irvine, along with Judge Bobby McGee and defense attorneys Tom Slaughter, Eric Counts, and Aubrey Davis, have slandered his name, defamed his character, and violated his constitutional rights [Doc. 1 p. 3-4].

## III.  ANALYSIS

As an initial matter, the Court finds that Plaintiff offers no facts to support his claims that Defendants have defamed him and otherwise violated his constitutional rights, and therefore, he has offered the Court only legal conclusions that will not support his allegations. *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009).

Moreover, "[s]ection 1983 imposes liability for violations of rights protected by the Constitution, not for violations of duties of care arising out of tort law." *Baker v. McCollan*, 443 U.S. 137, 146 (1979). One does not possess a liberty interest in being free from "injury to reputation," and defamation is not, therefore, a constitutional tort. *Siegert v. Gilley*, 500 U.S. 226, 233 (1991). That is, defamation is "a tort actionable under the laws of most States, but not a constitutional deprivation." *Id*. Accordingly, in claiming he is the victim of slander and defamation, Plaintiff has failed to state a cognizable constitutional claim upon which relief may be granted.

Finally, the Court finds that Plaintiff cannot sustain any claims against the named Defendants. First, Judge Bobby McGee is entitled to absolute judicial immunity for actions taken in his judicial capacity, and therefore, he is entitled to be dismissed from this action. *See, e.g., Stump v. Sparkman*, 435 U.S. 349, 351-64 (1978). Similarly, Plaintiff cannot maintain suit against ADAs Hector Sanchez or Kenneth Irvine, as "a state prosecuting attorney who act[s] within the scope of his duties in initiating and pursuing a criminal prosecution" is not amenable to suit under § 1983. *Imbler v. Pachtman*, 424 U.S. 409, 410, 431 (1976). Finally, defense attorneys Tom Slaughter, Eric Counts, and Aubrey Davis are not amenable to suit, as relief under § 1983 is only available to vindicate a plaintiff's federal rights against a defendant acting under color of state law. 42 U.S.C. § 1983. "[A] lawyer representing a client is not, by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of § 1983." *Polk County v. Dodson*, 454 U.S. 312, 318 (1981).

## IV. CONCLUSION

For the reasons set forth above, Plaintiff's complaint fails to state a claim upon which relief may be granted under § 1983, and it seeks monetary relief against defendants immune from such relief. Accordingly, this action will be **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915(A).

The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE ORDER WILL ENTER.**

**E N T E R :**

*/s/ Pamela L. Reeves*
**CHIEF UNITED STATES DISTRICT JUDGE**